**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-198-GPG

ARTHUR MOORE,

      Plaintiff,

v.

LITTLE, Captain
K. ROBERTS, Case Manager,
KYLE ROBERTS, #2440,

      Defendants.

---

**SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY**

---

      Plaintiff, Arthur Moore, is in the custody of the Colorado Department of Corrections, currently incarcerated at the Colorado State Penitentiary in Canon City, Colorado.  Mr. Moore is subject to 28 U.S.C. § 1915(g) filing restrictions. *See Moore v. Arguello*, 13-cv-1861, ECF No. 4 (discussing filing restrictions).  He was denied leave to proceed *in forma pauperis* on March 3, 2016 and ordered to pay the $400.00 filing fee within thirty days. (ECF No. 6).

      On March 14, 2016, Plaintiff filed a motion titled, "Motion to Amend . . . Motion to Proceed . . . Re: Due Process Violation and Hindering Payment to the Court," in which he argued that prison officials were intentionally hindering the legal process by not allowing his payment to be sent to the court. (ECF No. 7).  As evidence, Plaintiff attached to his motion a copy of a Department of Corrections Request for Money Order form, which was signed by him on January 28, 2016, requesting a $400.00 money order be sent to the United States District Court and specifically identifying this case number.

(ECF No. 7 at 5).  The request appears to have been approved.  At the bottom of the Request for Money Order form is a copy of an actual Money Order, made out to the United States District Court for $400.00. (*Id.*)  Additionally, Plaintiff attached a copy of his Prisoner Account statement that shows a money-order debit to his account on February 9, 2016 in the amount of $400.75. (*Id.* at 3).

On March 21, 2016, Plaintiff filed a Motion titled, "Motion to Amend to $200,000.00 Re: Falsifying Prison Account Records."  (ECF No. 8).  In the Motion, Plaintiff argues that prison officials are falsifying his prison account records to make it appear that Plaintiff did not attempt to send the $400.00 to the court.  He attaches a Grievance Form, dated March 10, 2016, where he complains that his prison unit staff must have mishandled the mail or money order because he tried to send the court $400.00. (*Id.* at 2).  The Grievance Responder denied the grievance on March 14, 2016, stating that the Inmate Banking Office had not received a completed outgoing money order request.  (*Id.*)

Based on Mr. Moore's representations, the Court ordered the warden of the Colorado State Penitentiary to respond and verify whether Mr. Moore, as he claims, has been denied withdrawal of funds from his account for payment of the filing fee to the Court, and if he was denied the withdrawal of funds, why the request was denied.  The Court also directed the warden to verify whether Mr. Moore followed the proper procedure for requesting the filing fee be sent to the Court.

The Warden filed his response on April 22, 2016. (ECF No. 13).  Attached to the response was an affidavit from Tonya Whitney, who is the CDOC Inmate Bank/ Restitution Supervisor and responsible for the management and supervision of all inmate banking and debt collection.  Ms. Whitney reviewed the inmate banking records

and other pertinent records relating to Mr. Moore's allegations.  According to Ms. Whitney, on January 28, 2016, Mr. Moore utilized the correct procedure to request a money order in the amount of $400.00 and, as a result, $400.75 was deducted from his inmate bank account on February 9, 2016.

Additionally, Ms. Whitney states that according to the Outgoing Restricted Mail Log from CSP, Mr. Moore placed two items into CSP's outgoing mail on February 17, 2016, addressed to the U.S. District Court and the Attorney General.  These items were mailed on February 18, 2016.  Ms. Whitney concludes that based on the mail log, it appears Mr. Moore followed the proper procedure in mailing the money order to the court.

However, the Court notes that it did receive an envelope from Mr. Moore, which was date-stamped February 18, 2016 by the U.S. Postal Service.  (ECF No. 5 at 4). However, the envelope contained a Motion (ECF No. 5) by Mr. Moore, not a money order.  Therefore, the Mail Log referenced by Ms. Whitney does not provide evidence that Mr. Moore properly mailed the money order to the court.

The Warden and Ms. Whitney fail to comment on the grievance response dated March 14, 2016, where Mr. Moore's grievance was denied and the grievance responder stated that the Inmate Banking Office had not received a completed outgoing money order request.  This grievance response appears to be a mistake as the inmate banking records and Ms. Whitney confirm that there was a completed outgoing money order request from Mr. Moore.   Based on this information, there is no indication that the CDOC interfered with Mr. Moore receiving his funds to pay the filing fee to the Court.

The Court will not proceed to consider Mr. Moore's complaint until he has paid the $400.00 filing fee in full.  Ms. Whitney also stated that pursuant to AR 200-

02(IV)(O)(6), CDOC inmates can submit a money order tracing/refund request either through the CDOC or directly to Western Union for a $15.00 fee.  Whether Mr. Moore wishes to request a trace or refund on his money order is his decision.  However, if Mr. Moore wishes to pursue his claims in this action, he must submit the $400.00 filing fee within thirty days from the date of this Order.

Accordingly, it is

ORDERED that Plaintiff pay the $400.00 filing fee within thirty days from the date of this order.  It is

FURTHER ORDERED that, if Plaintiff fails to pay the filing fee within the time allowed, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED April 26, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge